[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-11976
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 3, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00146-CV-W-N

JANICE ABNER,

Plaintiff-Appellant,

versus

ALABAMA BOARD OF MEDICAL EXAMINERS,
THE ALABAMA DEPARTMENT OF PUBLIC HEALTH,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(November 3, 2008)**

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Janice Abner, an African-American woman, appeals pro se the district court's

entry of summary judgment in favor of the Alabama Board of Medical Examiners

("Board") and the Alabama Department of Public Health ("Department") in Abner's civil rights action. On appeal, Abner argues that the district court erred in: (1) granting the Board's motion for summary judgment because the Board discriminated against her on the basis of race and gender by refusing to perform a full investigation of seven white male physicians, and retaliated against her for exercising her First Amendment rights; and (2) granting summary judgment in favor of the Department because her claims against it were not moot. After thorough review, we affirm.

We review <u>de novo</u> the district court's grant of summary judgment, applying the same standard as the district court and viewing all evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party. <u>Burton v. Tampa Hous. Auth.</u>, 271 F.3d 1274, 1276-77 (11th Cir. 2001). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). A party moving for summary judgment has the burden of showing that there is no genuine issue of fact. <u>Eberhardt v. Waters</u>, 901 F.2d 1578, 1580 (11th Cir. 1990). We also review <u>de novo</u> a district court's legal determination that a case is moot. <u>Christian Coalition of Ala. v. Cole</u>, 355 F.3d 1288, 1290 (11th Cir. 2004).

First, we find no merit to Abner's claim that the district court erred in granting summary judgment in favor of the Board. The Supreme Court has held that "§ 1981, like the Equal Protection Clause, can be violated only by purposeful discrimination." Gen. Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391 (1982). In other words, "§ 1981 can be violated only by intentional discrimination." Id.

To state a First Amendment retaliation claim, a plaintiff must establish "first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005). In showing that protected speech is adversely affected, a private citizen must meet an objective standard: "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." Id. at 1254.

As the record shows, Abner produced absolutely no evidence that the Board engaged in "purposeful" discrimination, and as a result, the district court properly granted summary judgment as to her discrimination claim under § 1981 and the Equal Protection Clause. Regarding her retaliation claim, Abner provided only one piece of evidence of possible retaliatory conduct -- the Board's letter to the California

3

Board of Medical Examiners about a report by Abner's expert -- but as the district court held, this letter was directed to the conduct of Abner's expert, and any effect the letter may have had on Abner or others seeking to file complaints is indirect. Thus, the district court did not err in finding that this letter would not deter a person of ordinary firmness from the exercise of First Amendment rights, and properly granted summary judgment as to Abner's § 1983 claim against the Board.

We also reject Abner's argument that the district court erred in granting summary judgment in favor of the Department on mootness grounds. Federal courts may only consider active cases or controversies, and "an action that is moot cannot be characterized as an active case or controversy." Adler v. Duval County Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1997). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Id. (quotations omitted). To put it another way, "[t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.22 (1997) (quotations omitted).

The Department introduced uncontroverted evidence that it had investigated Abner's complaint against Mobile Infirmary Medical Center and communicated its findings to Abner. Because Abner only sought injunctive relief in order to compel

the Department to conduct an investigation and because she did not complain that the investigation was inadequate, she has received the relief she sought from the Department. The district court thus did not err in finding that Abner's claims against the Department were moot.

Accordingly, we affirm the district court's grant of summary judgment.

**AFFIRMED.**